United States District Court
Southern District of Texas
**ENTERED**
June 04, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE NGL MARINE, LLC, AS OWNER OF THE BARGE NGL 3044 | § § § § § | CIVIL ACTION NO. 4:20-CV-01841 |

## ORDER

Petitioner NGL Marine, LLC ("NGL Marine") has filed a Complaint for Limitation or Exoneration of Liability and moved for the issuance of an initial order and monition. *See* Dkts. 1–2. After reviewing the filed documents, the Court *sua sponte* transfers this case to the Corpus Christi Division of the Southern District of Texas pursuant to 28 U.S.C. § 1404(a).

## BACKGROUND

In the Complaint, NGL Marine alleges that the personal injury underlying this limitation proceeding occurred on "May 21, 2019, while the barge NGL 3044 was discharging cargo at Valero West Dock, located at the Port of Corpus Christi, Texas." Dkt. 1 at 2. According to NGL Marine, Ralph Wayne White, a tankerman, claimed to have tripped over a mooring line and suffered injuries. Based on those injuries, "[o]n May 4, 2020, tankerman White filed an Original Petition in the County Court at Law No. 3 in Nueces County, TX, titled *White v. NGL Marine, LLC* Cause No. 2020CCV-60674-3, against Petitioner claiming damages as a result of the alleged incident." *Id.*

## ANALYSIS

"Change of venue in admiralty cases, like in ordinary civil actions, is governed by 28 U.S.C. § 1404(a)." *Miller v. Jantran, Inc.*, No. CIV.A. 11-2544, 2012 WL 2088650, at *1 (E.D. La. June 8, 2012). Section 1404(a) allows a district court to transfer a civil action "for the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "Under the transfer statute, a district court may transfer a case upon a motion or *sua sponte*." *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir.1987).

In deciding whether to transfer a case under Section 1404(a), district courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case.

> The private factors include: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. The public factors include: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law.

*Hillestad v. LLOG Expl. Co., LLC*, No. 3:17-CV-00341, 2018 WL 4938708, at *2 (S.D. Tex. Sept. 20, 2018) (citations omitted). In the end, a venue transfer under Section 1404(a) is committed to the sound discretion of the district court. *See Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988).

In my view, the private and public factors here unquestionably favor a transfer to the Corpus Christi Division. The claim underlying this suit occurred in Corpus Christi, and the related state court lawsuit is pending in Nueces County, which is located in the

Corpus Christi Division. This "suggests that the local interest in having localized interests decided at home—as well as, to a lesser extent, the factors addressing the relative ease of access to sources of proof and the cost of willing witnesses' attendance-favor transfer to the [Corpus Christi] Division." *Franklin v. GMAC Mortg.*, No. 3:13-CV-1680-D, 2013 WL 2367791, at *2 (N.D. Tex. May 30, 2013). No Section 1404(a) factor appears to actually favor maintaining this case in the Houston Division. Indeed, NGL Marine has not alleged any facts suggesting that any, much less a substantial part, of the events or omissions giving rise to this suit occurred in, or that the property at issue in this action is situated in, the Houston Division.

## CONCLUSION

The Corpus Christi Division is clearly a more convenient venue for this matter, and this case should be transferred to the Corpus Christi Division of the Southern District of Texas pursuant to 28 U.S.C. § 1404(a).

SIGNED at Houston, Texas, this 4th day of June, 2020.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE